Ronnie PRICE; Quentien Rogers, Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; Longnecker Properties, Incorporated; National Union Fire Insurance Company of Pittsburgh, c/o AIG, Respondents

No. 16-60404

United States Court of Appeals, Fifth Circuit.

Filed March 20, 2017

Francis I. Spagnoletti, Spagnoletti & Company, Houston, TX, for Petitioners

Matthew W. Boyle, Rae Ellen James, Associate Solicitor, Mark A. Reinhalter, Counsel, U.S. Department of Labor, Office of the Solicitor, Washington, DC, David Duhon, U.S. Department of Labor, OWCP/DLHWC, New Orleans, LA, for Respondent Director, Office of Workers' Compensation Programs, United States Department of Labor

Joseph B. Guilbeau, Esq., Juge, Napolitano, Guilbeau, Ruli & Frieman, Metairie, LA, for Respondents Longnecker Properties, Incorporated, National Union Fire Insurance Company of Pittsburgh, on behalf of AIG

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Two oil riggers, Claimants Ronnie Price and Quentien Rogers, sought disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). An administrative law judge ("ALJ") denied their claims after finding they failed to show that a workplace accident could have caused or aggravated their injuries. The Benefits Review Board affirmed. Claimants petition for our review, arguing the wrong legal standard was applied in concluding they were not entitled to benefits. We DENY the petition.

Claimants werè employed by Longnecker Properties and worked on the *Seacor Conquest* supply vessel. After the vessel was involved in an accident, Claimants sought disability benefits for what they alleged were totally disabling injuries. Their claims were heard by an ALJ under the LHWCA.[1] At the hearing, Claimants testified that the *Conquest* was involved in a forceful collision with a shrimp boat, causing them to fall. Other crewmembers, though, testified that the *Conquest* collided only with a shrimp boat's trawling line,[2] not with the shrimp boat itself. So "[t]here wasn't any impact or jolt" that could have caused a fall. Longnecker and the Claimants both submitted medical reports. Claimants' reports indicated substantial injuries, but their doctor did not independently evaluate whether the collision caused their injuries. Longnecker's reports concluded that Claimants could have returned to work and that their injuries were not caused by a recent traumatic event but were instead degenerative.

The ALJ weighed the conflicting testimony and made credibility determinations. Citing Claimants' lack of credibility and the improbability of their accounts, the ALJ found the collision did not generate sufficient force to have caused Claimants' injuries. The medical evidence did not weigh either way, as it was "at best neutral in terms of independently corroborating Claimants' testimony." The ALJ denied benefits, concluding that Claimants had not met their burdens of showing that their injuries could have been caused or aggravated by a workplace incident. On appeal, the Board affirmed, concluding that the ALJ "did not err [either] by requiring claimants to prove their entitlement to the presumption" or in his weighing of the evidence. Claimants now seek review of the Board's decision.

Claimants argue that the ALJ incorrectly applied the law, imposing on them an improperly high burden. They also seem to disagree with how the ALJ weighed the evidence, perhaps implying a substantial-evidence challenge. Claimants' challenges fail.

Our review of the Board's decision is limited. We ask primarily "whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Gulf Best Elec., Inc. v. Methe*, 396 F.3d 601, 603 (5th Cir. 2004). That is because "[t]he Board must uphold the ALJ's findings if those findings are rational, supported by substantial evidence, and consistent with the law." *Bis Salamis, Inc. v. Dir., Office of Workers' Comp. Programs*, 819 F.3d 116, 126 (5th Cir. 2016). The ALJ "is exclusively entitled to assess both the weight of the evidence and the credibility of witnesses," so "[n]either we nor the Board may substitute our judgment for that of the ALJ." *Id.* (quotation marks omitted).

---

1. *See* 33 U.S.C. § 919.

2. A trawling line is "a buoyed line used in sea-fishing" that has "numerous short lines with baited hooks attached at intervals." 18 OXFORD ENGLISH DICTIONARY 452 (2d ed. 1989).

This case deals with benefits claimed under the LHWCA. "The LHWCA provides a three-part framework for adjudicating claims for work-related injuries and is to be liberally construed in favor of injured workers." *Id.* at 127. The only part of the framework at issue is the first step, which involves a presumption favoring the claimant. *See id.* (citing § 920(a)). That presumption arises upon the making of "a prima facie case, which requires the claimant to 'prove' that (1) he suffered harm and (2) conditions of the workplace, or an accident at the workplace, could have caused, aggravated, or accelerated the harm." *Id.* (quoting *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000)).

This dispute concerns whether Claimants, as part of their prima facie case, proved that a workplace accident or condition could have caused, aggravated, or accelerated their injuries. Importantly, "an ALJ may make credibility determinations in ascertaining whether a claimant has made a prima facie case." *Id.* Here, the ALJ did so and concluded Claimants were not entitled to the presumption. Thus, he denied benefits. There was no error. The ALJ "is not required to accept the opinion or theory of a medical expert that contradicts the ALJ's findings based on common sense." *Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs*, 977 F.2d 186, 189 (5th Cir. 1992). Nor does the fact that some sort of collision occurred necessarily establish Claimants' initial burden on causation. *See Bis Salamis*, 819 F.3d at 129. No definitive evidence indicates the intensity of the collision. In the absence of such evidence, the ALJ's finding that Claimants were "totally unreliable and not credible" was sufficient to discredit Claimants' evidence of a more serious incident. *See id.*

For similar reasons, we also disagree with Claimants to the extent they argue there is not substantial evidence to support the ALJ's decision. When reviewing the ALJ's decision for substantial evidence, we have a limited function: "we ask only whether this evidence was relevant to the ALJ's decision, and whether the ALJ's decision was reasonable based on this evidence." *Id.* at 131 (quoting *Operators & Consulting Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 170 Fed.Appx. 931, 937 (5th Cir. 2006)). As discussed, there was evidence going both ways. The ALJ gave greater weight to the evidence tending to show the incident could not have caused Claimants' injuries. The ALJ did not reversibly err, and the Board was correct to uphold his decision.

Petition DENIED.